

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable Linton S. Savage
County Attorney
Corpus Christi, Texas

Dear Sir:

                    Opinion No. O-1348
                    Re: Whether indenture of mortgage executed by
                        Republic Natural Gas Company, covering pro-
                        perties located in as well as out of the
                        State of Texas must be stamped in accordance
                        with Article 7047a, R.C.S., as amended by
                        S. B. No. 84, Forty-sixth Legislature.

        We received your letter of August 26, 1939, wherein you
set forth the following facts:

        "Republic Natural Gas Company, a corporation of
        the State of Delaware, duly licensed as a foreign
        corporation in this State, is about to execute and
        present for recording in Nueces County and San Patricio
        Counties, Texas, its indenture of mortgage to City
        Bank Farmers Trust Company, a corporation of New York,
        and Ralph E. Morton, as Trustees, to be dated as of
        September 1, 1939.

        "Under this indenture the maximum principal amount
        of bonds which may be issued and delivered thereunder
        is limited to $6,600,000. The bonds initially to be
        issued are in two series, both dated as of September 1,
        1939, and will be 'bearer bonds.' Bonds under the first
        series are entitled 'First Mortgage Bonds, Series A,'
        and will be issued in the aggregate principal amount
        of $2,800,000, all of which will mature on September 1,
        1951. Bonds of the second series are entitled 'First
        Mortgage Bonds, Series B,' and will be issued in the
        aggregate principal amount of $2,800,000. These bonds
        will mature serially, beginning March 1, 1940, to and
        including September 1, 1946.

        "The indenture securing these obligations will con-
        vey certain oil and gas leases and some fee property in
        the States of Kansas and Oklahoma and, as well, some oil
        and gas leases in the Counties of Nueces and San Patricio,
        Texas.

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

"There is also pledged a contract covering purchase
of gas from certain lease in San Patricio County, Texas,
and contracts covering sale of gas produced from all
three states.

"All of the bonds of Series A will be purchased from
the mortgagor by Metropolitan Life Insurance Company, a
corporation of New York. All of the bonds of Series B
will be purchased from the mortgagor by The National
City Bank of New York."

You mention an opinion by an Assistant Attorney General
under the preceding administration, dated February 15, 1937,
addressed to the County Attorney of Potter County, to the ef-
fect that a trust indenture on properties within as well as
without the State of Texas in favor of and delivered to non-
residents of the State are exempt from the tax, and you further
mention an opinion by the prior administration of this office,
addressed to the County Attorney of Wichita County, dated May
27, 1938, seeming to hold that obligations owned by national
banks are exempt from such tax. You request our opinion as to
whether or not the indenture of mortgage to be executed by
Republic Natural Gas Company, before being recorded, must be
stamped in accordance with the provisions of Article 7047e,
R.C.S., as amended by S.B. No. 24 by the 46th Legislature.

Said S.B. No. 24, 46th Legislature, reads in part as follows:

"Except as herein otherwise provided there is here-
by levied and assessed a tax of Ten (10¢) Cents on each
One Hundred ($100.00) Dollars or fraction thereof, over
the first Two Hundred ($200.00) Dollars, on all notes
and obligations secured by chattel mortgage, deed of
trust, mechanic's lien contract, vendor's lien, condition-
al sales contract and all instruments of a similar nature
which are filed or recorded in the office of the County
Clerk under the Registration Laws of this State; provided
that no tax shall be levied on instruments securing an
amount of Two Hundred ($200.00) Dollars, or less. After
the effective date of this Act, except as hereinafter
provided, no such instrument shall be filed or recorded
by any County Clerk in this State until there has been
affixed to such instrument stamps in accordance with
the provisions of this section; providing further that
should the instrument filed in the office of the County
Clerk be security of an obligation that has property
pledged as security in a State or States other than
Texas, the tax shall be based upon the reasonable cash
value of all property pledged in Texas in the proportion

that said property in Texas bears to the total value of the property securing the obligation; ... and provided further that when once stamped as provided herein, an instrument may be recorded in any number of counties in this State without again being so stamped. ...

"If the amount secured by an instrument is not expressed therein, or if any part of the security described in any such instrument appears to be located without the State of Texas, the County Clerk shall require proof by written affidavits of such facts as may be necessary to determine the amount of the tax due."

The provision with reference to prorating the tax, where a part only of the security is located in the State of Texas, was not in the original Article 7047e, R.C.S., as the same existed at the time of the opinion to the County Attorney of Potter County. Furthermore, we might observe that on April 29, 1938, the preceding administration of the Attorney General's Department in an opinion written by H. L. Williford, Assistant Attorney General, addressed to Hon. Charley Lockhart, State Treasurer, ruled contrary to the opinion of February 15, 1937.

In our conference opinion No. 3061, dated June 17, 1939, addressed to Hon. Charley Lockhart, State Treasurer, we expressed the view that the tax levied by S.B. No. 24 is a tax upon the privilege of recording. Particularly in view of the inclusion in the amended Act of the provisions requiring the proration of the tax where a part of the security is located outside the State of Texas, we believe that the instrument in question must bear stamps as provided in the amended Act, and determined as therein provided.

In opinion No. 0-267, dated February 25, 1939, addressed to the State Treasurer, as well as in our opinion No. 0-874, recently given to the Banking Commissioner of Texas, we expressed the view that lien instruments taken by national banks and owned by them are not subject to the tax. However, it will be noted that in the facts submitted to us by you none of the bonds secured by this indenture of mortgage is now owned by the National City Bank of New York, but apparently that bank simply plans to purchase Series B of the bonds so secured. If we understand the instant situation correctly, the National City Bank of New York would not be paying this tax. Hence no exemption would be afforded the indenture of mortgage in question.

The tax should be calculated as set forth in S.B. No. 24 and collected accordingly.

Yours very truly

ATTORNEY GENERAL OF TEXAS

GRL-MR
APPROVED SEP 7, 1939
Gerald C. Mann (signed)          By          (signed)
ATTORNEY GENERAL OF TEXAS                    Glenn R. Lewis
          (STAMPED) Approved                 Assistant
             Opinion Committee